FILED

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 W STOCKER ST STE B
GLENDALE, CA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

Attorney for Plaintiff Marine A Keshishian

2012 NOV -1  PM 2: 19

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARINE A KESHISHIAN, an individual,

**Plaintiff,**

vs.

EQUABLE ASCENT FINANCIAL, LLC A

Delaware Limited Liability Company;

UNION ADJUSTMENT COMPANY, INC, A

California Corporation;

**Defendants.**

**CASE No.: 2:12-cv-04204-GAF-(SSx)**

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF:

1) FEDERAL FAIR DEBT
   COLLECTION PRACTICES ACT [15
   U.S.C. §§ 1692e, 1692f, 1692g(b)];
2) CALIFORNIA'S ROSENTHAL FAIR
   DEBT COLLECTION PRACTICES
   ACT [California Civil Code §1788.17];
3) FEDERAL FAIR CREDIT
   REPORTING ACT [15 U.S.C. §1681s-
   2(b)];
4) CALIFORNIA'S CONSUMER
   CREDIT REPORTING AGENCIES
   ACT [California Civil Code
   §1785.25(a)].

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Marine A Keshishian (hereinafter "Plaintiff") through her attorney
on record and brings this First Amended Complaint against EQUABLE ASCENT FINANCIAL,
LLC (hereinafter "EQUABLE") and UNION ADJUSTMENT CO., INC (hereinafter "UNION")
collectively known as DEFENDANTS, for violations of Federal and State consumer protection
laws, including the Fair Debt Collection Practices Act [15 U.S.C. §§ 1692e, 1692f, 1692g(b)]
("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code
§1788.17] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681s-2(b)] ("FCRA"), and

California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.25(a)] ("CCRAA") and alleges as follows:

## PRELIMINARY STATEMENT

1.   The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

2.   The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

3.   To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

4.   The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the

banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

5.   Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

6.   FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

7.   CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25(a) refrains furnishers of information from reporting information that they know or should have known was erroneous.

8.   CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

9.   *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist.

Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I.   JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

11. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

12. Venue is proper in this United States District Court, Central District of California because Defendants' violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II.   PRIVATE RIGHT OF ACTION

13. 15 U.S.C §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

14. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

15. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

16. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers

Defendants' furnishers' liability under this section, since Plaintiff made her initial disputes with the Credit Reporting Agencies.

17. Cal. Civ. Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

18. Cal. Civ. Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

### III. THE PARTIES

19. Plaintiff is a natural person, an individual residing in Los Angeles County, State of California.

20. Plaintiff is a consumer as defined in 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

21. Defendant "EQUABLE" is a Delaware Limited Liability Company, registered and conducting business in the State of California.

22. Defendant "UNION" is a California Corporation, registered and conducting business in the State of California.

23. Defendants are debt collectors as defined in 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

24. Plaintiff and Defendants are each a person as defined in California Civil Code §1788.2(g), 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

25. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as their agents, servants, employees and/or joint venturers and as set forth in this First Amended Complaint, and that each of them is legally liable to Plaintiff, as set forth below and herein:

a.   Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this First Amended Complaint;

b.   Said Officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c.   Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d.   Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e.   Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f.   Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

26. Defendants are liable to Plaintiff for the relief prayed for in this First Amended Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant were expressly authorized or ratified.

## IV. FACTS COMMON TO ALL COUNTS

27. In or around February 17, 2011 Plaintiff discovered through a credit review conducted with the three major Credit Reporting Agencies, Experian, Equifax and TransUnion (collectively "CRAs") that Defendants EQUABLE and UNION had reported collections accounts in her name, alleging Plaintiff was in debts with them. The accounts included the following: #487xxxx reported by EQUABLE; #576073110095958 and #576103110110864 reported by UNION.

28. Through research conducted on Defendants, Plaintiff learned that both EQUABLE and UNION are third party debt collectors in the business of collecting consumer debts.

29. Defendants, as third party debt collectors, had failed to provide Plaintiff dunning notices of debts or inform of the negative credit reporting, thereby depriving Plaintiff of her right to a dispute and validation request for the alleged debts and her right to a fair and accurate credit

reporting.

30. On or about February 22, 2011 Plaintiff submitted disputes to CRAs, requesting investigation and verification of the collection accounts reported by Defendants, otherwise their prompt and permanent deletion from Plaintiff's credit bureau reports.

31. On or about February 22, 2011 Plaintiff simultaneously sent dispute letters to EQUABLE and UNION directly, requesting validation of their alleged debts reported in her name.

32. Defendants EQUABLE and UNION, both failed to respond to Plaintiff's validation requests and yet, failed to delete the reporting of the subject accounts from Plaintiff's credit bureau reports.

33. On or about March 22, 2011 Plaintiff sent a follow up request to Defendant UNION concerning her previous request for validation and UNION's failure to comply with her request. Plaintiff requested that UNION deletes the unverified collection accounts from her credit file, since no validation of debt and no verification for the reporting was produced upon request.

34. On or about May 3, 2011 Plaintiff sent a follow up request to Defendant EQUABLE concerning her previous request for validation and UNION's failure to comply with her request. Plaintiff requested that UNION deletes the unverified collection accounts from her credit file, since no validation of debt and no verification for the reporting was produced upon request.

35. Following Plaintiff's follow up notices and requests, Defendants again failed to provide proper response or take appropriate corrective actions.

36. On or about July 27, 2011 Plaintiff sent yet another notice to Defendant UNION concerning its continued reporting of collection accounts for which it never provided notice and which it failed to validate upon request.

37. On or about October 12, 2011 Plaintiff sent both Defendants notices of their violations with regards to the reporting of debts prior to and without communication of notice and disclosures to Plaintiff and the continued reporting of such unverified debts in the absence of the requested validation. Plaintiff's communication was sent in an effort to get Defendants' cooperation and resolve the situation amicably.

38. Despite Plaintiff's efforts to date, Defendants have failed to properly address her disputes and requests, have failed to validate the alleged debts or cease further collection/credit

reporting activity on the unverified debts. Defendants' collection accounts continue to remain on Plaintiff's credit record.

39. Defendants' reporting of collection accounts to Plaintiff's credit records, prior to and without communication and more importantly validation of the underlying debts, constitute false representation of the true character and amount of such alleged debts and an unfair collection conduct against Plaintiff.

40. Due to the inaccurate credit reporting and Defendants' prolonged noncompliance in resolving the situation Plaintiff has suffered emotional and financial distress. Specifically, as a result of Defendants' conducts, Plaintiff has suffered:

a.   Actual damages and serious financial and pecuniary harm arising from monetary losses relating to denials of attempts to obtain credit cards and consumer loans, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.

b.   Out of pocket expenses associated with disputing the credit information only to find the information to remain on the credit report;

c.   Emotional distress and mental anguish associated with having incorrect derogatory credit information transmitted about Plaintiff to other people both known and unknown;

d.   Decreased credit score and creditworthiness, which may result in inability to obtain credit on future attempts.

**COUNT I**

**Violations of FDCPA**

41. Plaintiff repeats and reincorporates by reference the above paragraphs.

42. Defendants knowingly and willfully violated the FDCPA by:

a)   Failing to provide dunning notices of debts and written notices of Plaintiff's right to request validation of debts along with information about the alleged debts, including the name and contact information of the original creditors pursuant to 15 U.S.C. §1692g(a);

b)   Failing to cease collection activities and continuing to make collection efforts on the alleged debts without properly responding to Plaintiff's validation request pursuant to 15 U.S.C. §1692g(b);

c)   Failing to properly validate the alleged debts pursuant to 15 U.S.C. §1692g(b);

d)   Using false representations and deceptive means to collect or attempt to collect the

alleged debts pursuant to 15 U.S.C. §1692e;

e)  Using unfair or unconscionable means to collect or attempt to collect the alleged debts pursuant to 15 U.S.C. §1692f.

## COUNT II

### Violations of RFDCPA

43. Plaintiff repeats and reincorporates by reference the above paragraphs.

44. Defendants knowingly and willfully violated RFDCPA by:

a.  Using false representations and deceptive means to collect or attempt to collect debts pursuant to Civil Code §1788.17;

b.  Using unfair and/or unconscionable means to collect alleged debts pursuant to California Civil Code §1788.17.

## COUNT III

### Violations of FCRA

45. Plaintiff repeats and reincorporates by reference the above paragraphs.

46. Defendants knowingly and willfully violated the FCRA by:

a.  Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's disputes, as described in 15 U.S.C. §1681s-2 (b);

b.  Failing to delete or permanently block the reporting of the items of information (the accounts) disputed by Plaintiff, which were not and/or could not be verified after the reinvestigations, per 15 U.S.C. §1681s-2 (b)(1)(E);

c.  Failing to take proper actions of verification, corrections, deletions, or permanent blocks of the information disputed by Plaintiff by the deadlines, as described in 15 U.S.C. §1681s-2 (b)(2).

## COUNT IV

### Violations of CCRAA

47. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

48. Defendants knowingly and willfully violated CCRAA by:

a.  Furnishing information on Plaintiff's credit file which Defendants knew or should have known was inaccurate and/or incomplete, in violation of California Civil Code §1785.25(a);

### V. PRAYER FOR RELIEF

49. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

50. Plaintiff contends that the Defendants' actions constituted willful violations of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff requests judgment to be entered in her favor and against the Defendants for:

1. Actual damages, per 15 U.S.C. §1692k(a)(1) and/or Civil Code §1788.30(a), 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.31(a)(2)(A);

2. Statutory damages, per 15 U.S.C. §1692k(a)(2) and/or Civil Code §1788.30(b), and 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.19(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3), and/or Civil Code §1788.30(c), 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

4. Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

5. Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendants to cease collection activities and delete the reporting of the unverified accounts and debts;

6. Declaratory relief, which is available pursuant to 28 U.S.C. §2202;

7. Any other relief as this Honorable Court deems appropriate.


DATED: October 15, 2012                 Respectfully submitted,

                                        By:*/s/ Arshak Bartoumian*

                                        Arshak Bartoumian, Attorney for Plaintiff

Name & Address:
ARSHAK BARTOUMIAN  (SBN 210370)
124 W STOCKER ST STE B
GLENDALE, CA 91202

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MARINE A KESHISHIAN, An Individual | CASE NUMBER |
|---|---|
| PLAINTIFF(S) <br> v. | 2:12-CV-4204-GAF-(SSx) |
| EQUABLE ASCENT FINANCIAL, LLC A Delaware Limited Liability Company; UNION ADJUSTMENT COMPANY, INC, A California Corporation; <br> DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S): Equable Ascent Financial LLC, Union Adjustmen Company Inc

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ ___FIRST___ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __ARSHAK BARTOUMIAN__, whose address is __124 W STOCKER ST STE B, GLENDALE, CA 91202__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __NOV - 1 2012__

By: __Ann M. Martinez__
    Deputy Clerk

(Seal of the Court)

1197

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 W STOCKER ST STE B
GLENDALE, CA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

Attorney for Plaintiff Marine A Keshishian

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MARINE A KESHISHIAN, an individual,

**Plaintiff,**

vs.

EQUABLE ASCENT FINANCIAL, LLC A
Delaware Limited Liability Company;
UNION ADJUSTMENT COMPANY, INC, A
California Corporation;

**Defendants.**

CASE No.: 2:12-cv-04204-GAF-(SSx)

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF:

1) FEDERAL FAIR DEBT
   COLLECTION PRACTICES ACT [15
   U.S.C. §§ 1692e, 1692f, 1692g(b)];
2) CALIFORNIA'S ROSENTHAL FAIR
   DEBT COLLECTION PRACTICES
   ACT [California Civil Code §1788.17];
3) FEDERAL FAIR CREDIT
   REPORTING ACT [15 U.S.C. §1681s-
   2(b)];
4) CALIFORNIA'S CONSUMER
   CREDIT REPORTING AGENCIES
   ACT [California Civil Code
   §1785.25(a)].

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Marine A Keshishian (hereinafter "Plaintiff") through her attorney on record and brings this First Amended Complaint against EQUABLE ASCENT FINANCIAL, LLC (hereinafter "EQUABLE") and UNION ADJUSTMENT CO., INC (hereinafter "UNION") collectively known as DEFENDANTS, for violations of Federal and State consumer protection laws, including the Fair Debt Collection Practices Act [15 U.S.C. §§ 1692e, 1692f, 1692g(b)] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788.17] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681s-2(b)] ("FCRA"), and